UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL SERVICES OF AMERICA, LP; and UNIVERSAL PROTECTION SERVICE, LP d\b\a ALLIED UNIVERSAL SECURITY SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>ROSA LOPEZ,<br><br>Defendant. | Case No.: 25-cv-00301-JES-KSC<br><br>**CONSENT ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF No. 4] |

    Plaintiffs Universal Services of America, LP and Universal Protection Service, LP d/b/a Allied Universal Security Services ("Plaintiffs" OR "Allied Universal"), having moved this Court for entry of a temporary restraining order ("Motion") against Defendant Rosa Lopez ("Defendant" or "Lopez") (Collectively "the Parties") under Federal Rule of Civil Procedure 65;

    Defendant makes no representation as to the validity of Plaintiffs' allegations that the documents at issue in Plaintiffs' Complaint or the Order (listed herein) constitute trade secrets; and

Defendant does not admit any of the allegations contained in Plaintiffs' Complaint or the Motion but wishes to resolve this matter without further pleadings and use of court resources; and Defendant, has consented to the entry of this Order ("Order") granting Plaintiffs' Motion in Part.

Plaintiffs continue to assert that the information and Documents taken by Lopez qualify as Plaintiffs' trade secrets and confidential materials. However, to facilitate an initial agreement with Defendant and conserve judicial resources, Plaintiffs respectfully requests that the Court enter this Order.

NOW, THEREFORE, the Court GRANTS IN PART Plaintiffs' Motion and hereby ORDERS, ADJUDGES AND DECREES as follows:

1. Defendant, and anyone acting in concert with Defendant, shall not use, disclose, maintain or otherwise misappropriate any trade secrets belonging to Plaintiffs.

2. Defendant, and anyone acting in concert with Defendant shall not use, disclose, maintain or otherwise misappropriate the documents (hereinafter the "Documents") set forth in Plaintiffs' Complaint and Motion, specifically:

    a. The documents sent by Defendant on November 14, 2024, at 10:52 a.m., to Defendant's personal email address including:
        i. five documents named "Winteam Matrix",
        ii. two documents entitled "Employee Matrix Report" and
        iii. two further documents entitled "Job Numbers."

    b. The documents sent by Defendant on November 15, 2024, at 7:16 a.m., to Defendant's personal email account, including a further Winteam Matrix containing private and confidential information as to active employees including contact information and security level information.

    c. The documents sent by Defendant on November 15, 2024, at 7:22 a.m., to Defendant's personal email account, including an internal Allied Universal scheduling report matrix including guard schedules and hours worked at specific client locations, shift descriptions and codes specific to individual clients.

    d. The documents sent by Defendant on November 15, 2024, at 7:25 a.m., to

      Defendant's personal email account, including an internal Allied Universal guard badge list including employee names and badge numbers and location posts.

e. The documents sent by Defendant on November 15, 2024, at 7:26 a.m., to Defendant's personal email account, including an internal Allied Universal list of guard names and specific certifications earned and guard card status.

f. The documents sent by Defendant on November 15, 2024, at 7:27 a.m., to Defendant's personal email account, including an internal Allied Universal spreadsheet containing client specific sites, job numbers, addresses, and the client and site-specific guard needs for each facility.

g. The documents sent by Defendant on November 15, 2024, at 7:32 a.m., to Defendant's personal email account, including an internal Allied Universal spreadsheet including client specific invoices and account numbers.

h. The documents sent by Defendant on November 15, 2024, at 7:34 a.m., to Defendant's personal email account, including an internal Allied Universal spreadsheet named "Division Information" which includes the clients job numbers, site location, addresses and post order status

i. The documents sent by Defendant on November 15, 2024, at 7:34 a.m., to Defendant's personal email account, including an internal Allied Universal spreadsheet containing additional client specific sites, job numbers, and address of each facility.

j. The documents sent by Defendant on November 15, 2024, at 7:35 a.m., to Defendant's personal email account, including an internal Allied Universal training check list related to trainings required for guards at different locations.

k. The documents sent by Defendant on November 15, 2024, at 7:50 a.m., to Defendant's personal email account, including multiple documents including duties and internal protocols developed by Allied Universal for each guard post at a client specific site, training and guard orientation documentation from a client specific site, and orientation checklist for guards at a client specific site, and internal command check lists forms developed by Allied Universal for clients.

l. The documents sent by Defendant on November 15, 2024, at 7:56 a.m., to Defendant's personal email account, including an internal Allied Universal document entitled "County Blotter" which is a form created by Allied Universal to track site specific issues.

m. The documents sent by Defendant on November 15, 2024, at 10:28 a.m., to Defendant's personal email account, including a further Winteam Matrix including the employee master list providing details of the individual Allied Universal security guard employees.

n. The documents sent by Defendant on December 2, 2024, at 8:58 a.m. to Defendant's personal email account, including a specific client contact list including the names and contact information of numerous individuals working for the said client.

o. The documents sent by Defendant on December 5, 2024, at 11:03 a.m., to Defendant's personal email account, including internal training documents related to Allied Universal clients related to steps to be taken when certain crisis or situations occur on sites specific to Allied Universal clients including internal code names of said steps and step by step instructions of what actions should be taken.

p. The documents sent by Defendant on December 5, 2024, at 11:48 a.m. to Defendant's personal email account, including Allied Universal internal pricing sheets related to guard levels, guard payments and certain site and the clients' specific rates.

q. The documents sent by Defendant on December 5, 2024, at 1:28 p.m. to Defendant's personal email account, including further training outlines developed by Allied Universal specific to an Allied Universal client she managed.

r. The documents sent by Defendant on December 6, 2024, at 2:04 p.m. to Defendant's personal email account, including a further list of those individuals who were authorized to work for Allied Universal and active employees at a specific client site.

s. The documents sent by Defendant on December 11, 2024, at 9:56 a.m. to Defendant's personal email account, including the contact information of various internal client contacts which would not otherwise be publicly available.

t. The documents sent by Defendant on January 28, 2025, at 9:41 a.m., to Defendant's personal email account, including a further employee matrix report including over six hundred and thirty individuals including their names, contact information and specific job operators associated with each client.

u. The documents sent by Defendant on January 29, 2025, at 9:01 a.m., to Defendant's personal email account, including new hire information pertaining

to a current Allied Universal employee including his private contact information and confidential identification information.

v. The documents sent by Defendant on January 29, 2025, at 11:14 a.m., to Defendant's personal email account, including Allied Universal internal training check lists which included the training courses internally required by Allied Universal for its guards of varying security levels and who worked at varying facilities.

w. The documents sent by Defendant on February 3, 2025, at 1:48 p.m. to Defendant's personal email account, including a packet of documents sent from an Allied Universal client containing the background security packet required to be completed to work with said client.

x. The documents sent by Defendant February 4, 2025, at 12:05 p.m., to Defendant's personal email address, including several documents which contained the names and information of the Allied Universal employees actively qualified to work at the County of San Diego account she managed, including their names, employee identification numbers, and hours worked.

y. The documents sent by Defendant on February 4, 2025, at 12:15 p.m. to Defendant's personal email address, including client-specific Post Orders, which provides unique instructions, policies, procedures, and updates developed by Allied Universal specific to said client, in addition to the various client contact emails associated with the site.

z. The documents sent by Defendant on February 4, 2025, at 12:27 p.m. to Defendant's personal email account, including a different set of client-specific post orders. Said documents provide unique instructions, policies, procedures, and updates developed by Allied Universal specific to this client, in addition to the various client contact emails associated with the site.

aa. The documents sent by Defendant on February 4, 2025, at 1:43 p.m. to Defendant's personal email account, including a further list of Allied Universal employees that are active and authorized to work at a specific client site.

bb. The documents sent by Defendant on February 4, 2025, at 1:46 p.m., to Defendant's personal email address, including a further list of Allied Universal employee names, badge numbers, and hours worked at a specific client site.

cc. The documents sent to Defendant's personal email address from a then current Allied Universal employee on February 5, 2025, at 8:56 p.m., including four

    separate internal security guard training packets developed by and specific to Allied Universal security officers at varying client locations.

   dd. The documents sent to Defendant's personal email address from a then current Allied Universal employee on February 6, 2025, at 11:04 a.m., including an active employee information list specific to three separate current Allied Universal clients.

   ee. The documents sent to Defendant's personal email address from a then current Allied Universal employee on February 6, 2025, at 11:07 a.m., including an active employee information list specific to a current Allied Universal client.

3. Defendant shall forthwith return to Plaintiffs any external storage device Defendant used to store or download Plaintiffs' Documents prior to her resignation.

4. Upon completion of the steps set forth in Paragraphs 2 and 3, Defendant shall submit to Plaintiffs a sworn declaration stating that she has permanently deleted the Documents and that she has not made or retained any copies, photographs, or digital versions of the Documents.

5. Defendant will also make her best efforts to obtain from her new employer a sworn declaration stating it has permanently deleted the Documents, it has not made or retained any copies, photographs, or digital versions of the Documents, and it will cease all use of the Documents, if any uses have occurred.

6. Within fifteen days (15) of this Order Defendant agrees to attempt to facilitate good faith discussions with her new employer to obtain consent for Plaintiffs' review and forensic scan of Defendant's computer used in connection with her employment with her new employer. The Parties acknowledge that Defendant's computer is the property of her new employer. The Parties will make their best efforts to come to an agreement as to the terms of this forensic scan and review within this 15-day timeframe and will only seek the Court's assistance if an agreement cannot be reached to this end.

/ / /

/ / /

This Order shall remain in effect until replaced by further order of this Court.

**IT IS SO ORDERED.**

Dated: March 19, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge